Filed 2/26/13  P. v. Orozco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARGARITO OROZCO,<br><br>    Defendant and Appellant. | F062311<br><br>(Super. Ct. No. BF127437A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Kari E. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J., and Franson, J.

On August 16, 2010, appellant, Margarito Orozco, pled no contest to driving with a suspended license (count 2/Veh. Code, § 14601.1). On February 17, 2011, after a bench trial, the court found Orozco guilty of being a felon in possession of ammunition (count 1/Pen. Code, § 12316, subd. (b)(1)) and found true three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

On March 18, 2011, the court sentenced Orozco to an aggregate five-year term, the mid-term of two years on the substantive offense and three one-year prior prison term enhancements. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2009, just after midnight, Bakersfield Police Officer Allen Ronk was on patrol with Officer Dean Barthelmes when he stopped a car driven by Orozco because it had a license plate that belonged to a different vehicle and the registration tag on the plate was expired. When Ronk asked Orozco for his driver's license, Orozco informed him that it was suspended. After running Orozco's license and confirming that it was suspended, Officer Ronk impounded the vehicle and conducted an inventory search. During the search, Officer Ronk found two .22-caliber cartridges on top of the center console and two more on the front passenger's floorboard just right of the console. Underneath the front passenger seat Ronk found a .357 sig semiautomatic magazine. After he was arrested, Orozco told Ronk that earlier that day he had been shooting rabbits with his friends and that he took the ammunition because he was going to destroy it.

On October 28, 2010, the prosecutor filed an information charging Orozco with driving with a suspended license with priors, possession of ammunition by a felon, and three prior prison term enhancements.

On August 16, 2009, Orozco pled no contest to driving with a suspended license.

2

On August 17, 2010, a jury convicted Orozco of being a felon in possession of ammunition.

On August 18, 2010, the court found true the three prior prison term enhancements.

On September 7, 2010, Attorney Gregory Mitts substituted in as counsel of record for Orozco.

On October 13, 2010, Attorney Mitts filed a motion for a new trial alleging, in pertinent part, that Orozco was denied the effective assistance of counsel by his trial counsel's failure to file a motion to suppress.

On October 29, 2010, the court granted Orozco's motion for a new trial and vacated the jury's guilty verdict.

On January 31, 2011, Orozco filed a motion to suppress. On that date, the court heard and denied the motion.

On February 2, 2011, Orozco waived his right to a jury trial and the parties stipulated to a bench trial on the felon in possession charge and that the charge would be submitted to the court on the reporter's transcript and the documentary evidence from the jury trial. The parties also stipulated that the court would redetermine the truth of the enhancements based on the prison package that the prosecutor had previously presented to prove those enhancements.

On February 17, 2011, the court found Orozco guilty of being a felon in possession of ammunition and it again found true the three prior prison term enhancements.

On March 18, 2011, the court sentenced Orozco to an aggregate five-year term, the middle term of two years on the substantive offense and three one-year prior prison term enhancements.

Orozco's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on May 29, 2012, Orozco cites several alleged contradictions between the trial testimonies of Officer Ronk and Officer Barthelmes to contend that they support a reversal of the trial court's denial of his suppression motion. There is no merit to this contention.

"[I]n reviewing the trial court's suppression ruling, we consider only the evidence that was presented to the trial court at the time it ruled. [Citation.]" (*In re Arturo D.* (2002) 27 Cal.4th 60, 78, fn. 18.)

Officer Ronk was the only witness at the hearing on Orozco's suppression motion. Further, the alleged contradictions were contained in the officers' trial testimonies which the court did not consider in ruling on Orozco's suppression motion. Therefore, we cannot consider them in determining whether the court abused its discretion when it denied Orozco's motion.

"[Moreover,] [t]he trial court, not the reviewing court, 'is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable.' [Citation.] 'The uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable.' [Citation.] To reject the statements given by a witness whom the trial court has found credible, either they must be physically impossible or their falsity must be apparent without resorting to inferences or deductions. [Citation.] When two or more inferences can reasonably be deduced from the facts as found, a reviewing court is without power to substitute its deductions for those of the trier of fact. [Citation.]" (*People v. Duncan* (2008) 160 Cal.App.4th 1014, 1018.)

4

Further, an "officer may conduct a warrantless inventory search of [an] impounded vehicle." (*People v. Schmitz* (2012) 55 Cal.4th 909, 922, fn. 10.)

During the hearing on Orozco's suppression motion, Officer Ronk testified that he discovered the ammunition in Orozco's vehicle during an inventory search of the vehicle prior to it being impounded. It is clear from the trial court's denial of Orozco's motion that the trial court believed Officer Ronk's testimony, which was neither physically impossible nor patently false. Thus, we conclude that the court did not err when it denied Orozco's motion to suppress.

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.